DA 10-0515

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 160N

SHERRI ROBERTS, an Individual,

      Plaintiff and Appellant,

  v.

LAME DEER SCHOOL DISTRICT
NO. 6, ROSEBUD COUNTY,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                   In and For the County of Rosebud, Cause No. DV 10-23
                   Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Richard O. Harkins, Attorney at Law; Ekalaka, Montana

      For Appellee:

            Jeffrey A. Weldon; Felt, Martin, Frazier & Weldon, P.C.; Billings,
            Montana

Submitted on Briefs:  June 8, 2011

Decided:  June 28, 2011

Filed:

_____
                          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Sherri Roberts (Roberts) appeals from the order and judgment entered by the Sixteenth Judicial District Court, Rosebud County, granting possession of rental premises and restitution for past due rent, late fees, and attorney fees to the Lame Deer School District (School District), and from the District Court's previous orders denying Roberts' motion to dismiss for lack of jurisdiction and dismissing her asserted counterclaim for wages related to her employment with the School District.

¶3     Roberts had been employed as a teacher and resided in School District housing pursuant to a lease agreement which provided that "[o]cupancy is contingent on employment with the district; therefore Tenants must vacate premises within five (5) days of the employee's last day of work." Roberts' employment was terminated on November 16, 2009, by the School District, which served a thirty-day notice to quit upon Roberts the next day. Roberts had not paid rent since November 2009, and she continued to live in the premises until approximately March 23, 2011, when she vacated the premises pursuant to the District Court's judgment.

¶4     These proceedings began when the School District filed an eviction action in the Rosebud County Justice Court against Roberts in January 2010. On the eve of the scheduled trial, Roberts filed a motion to transfer the eviction case to district court and also filed a petition in the district court seeking payment of wages and damages from the School District in the nature of a counterclaim. The District Court stayed the justice court proceedings and transferred the case to

2

district court, considering these matters within a single proceeding. This case and the parties have since been designated as indicated by the caption herein.

¶5    Roberts contested the termination of her employment by arbitrating a grievance under the governing collective bargaining agreement. The employment termination matter is not subject to this proceeding. However, the District Court dismissed Roberts' counterclaim upon the School District's motion, holding that the wage issue was covered by the collective bargaining agreement and that Roberts' "sole remedy . . . is reference to binding arbitration. . . . This Court does not have jurisdiction to consider the issue."

¶6    On the day of trial in district court, Roberts filed a motion to dismiss the eviction action for lack of jurisdiction, citing language within the lease agreement stating that the School District "may bring" an eviction action "pursuant to applicable Tribal law," and arguing that the Northern Cheyenne Tribal Court had exclusive jurisdiction over the matter. The District Court denied the motion, reasoning that neither party were tribal members, the Tribe was not asserting jurisdiction, the lease agreement taken as a whole did not require submission of the matter to tribal court, and that tribal jurisdiction did not extend to this dispute. The court commented that the motion was "the latest in a series of actions unabashedly intended to delay the proceedings and keep the Plaintiff in her housing unit as long as possible." The court granted possession of the rental premises to the School District and ordered Roberts to pay $19,790.98 in past due rent, late fees and charges, and attorney fees.

¶7    On appeal, Roberts challenges the District Court's eviction judgment and its rulings on jurisdiction, her counterclaim, and attorney fees. She argues the District Court failed to conduct a proper hearing on fees. The School District resists Roberts' arguments and requests reasonable attorney fees on appeal pursuant to § 70-24-442, MCA. We review a district court's findings of

3

fact to determine whether they are clearly erroneous and a district court's conclusions of law de novo for correctness. *Emmerson v. Walker*, 2010 MT 167, ¶ 20, 357 Mont. 166, 236 P.3d 598 (citations omitted). "A court's determination on the question of jurisdiction is a conclusion of law which we review de novo to determine whether the court's interpretation of the law is correct." *D.R. Four Beat Alliance, LLC v. Sierra Prod. Co.*, 2009 MT 319, ¶ 22, 352 Mont. 435, 218 P.3d 827 (citation omitted). Generally, "[a] court may award attorney fees only where a statute or a contract provides for their recovery." *Emmerson*, ¶ 32 (citations omitted). An award of attorney fees under the Residential Landlord and Tenant Act is discretionary, which this Court reviews for abuse of discretion. *Stanley v. Lemire*, 2006 MT 304, ¶ 73, 334 Mont. 489, 148 P.3d 643.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and its legal conclusions, including those regarding jurisdiction, are controlled by settled Montana law, which the District Court correctly interpreted. The District Court did not abuse its discretion by awarding attorney fees pursuant to statute and made appropriate provision for hearing. We decline to grant attorney fees to the School District on appeal.

¶9 Affirmed.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH

4

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS